UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JEFFERY DIEFFENBACH

    Plaintiff

v.

**CA 11- 371**

E. MARTIN STUTCHFIELD, ESQ.
and WINOGRAD SHINE LAND & FINKLE, INC.

    Defendants

## COMPLAINT

### Introduction

1. Defendants, debt collectors, violated and continue to violate Plaintiff's rights under federal law in violation the Fair Debt Collection Practices Act and, in concert with their clients, engaged and continue to engage in a persistent and pervasive pattern of fraudulent, deceptive and misleading representations by filing a false affidavit in court, making false statements and proffering false testimony in an attempt to collect on an alleged debt resulting in endless prejudice and harm of the Plaintiff.

### Jurisdiction

2. The jurisdiction of this court is invoked pursuant to the Fair Debt Collection Practices Act 15 USC §1692k.

3. Declaratory relief is available pursuant to 28 USC §2201 and §2202.

4. Venue is proper in this District of Rhode Island pursuant to 28 USC 1391(b) in that the Defendants have its principal place of business in this District and a substantial portion of the events giving rise to this action occurred in this District.

### Parties

5. Plaintiff Jeffery Dieffenbach ("Plaintiff") is a natural person residing at 13 Norman Street, Newport, RI.

6. Defendant E. Martin Stutchfield is a an attorney licensed in the State of Rhode Island acting on behalf of Defendant Winograd Shine Land & Finkle, Inc. (f/k/a Winograd, Shine & Zachs, PC) a Rhode Island professional service corporation engaged in the practice of law with its principal place of business at 123 Dyer Street, Providence, RI.



## Count I (False or Misleading Representations 15 USC §1692e)

7. Defendants are "debt collectors" as defined by the FDCPA 15 USC §1692a(6) and regularly attempt to collect debts from consumers that are owed or alleged to be owed to third parties.

8. Defendants violated and continue to violate the FDCPA which include, but are not limited to, the following events:

9. On or about January 8, 2003 Defendants filed a civil complaint against Plaintiff for $20,000 in the Superior Court of Rhode Island to domesticate an alleged consumer, household debt obtained by a stipulated judgment in the Connecticut Superior Court at Stamford by their clients, Brian and Jean Haworth, entered on October 4, 2000.

10. Several years prior to the filing of said Rhode Island complaint, on February 16, 2001 Defendant's client Brian Haworth filed for bankruptcy, a purported "no asset" case. Plaintiff was a known creditor of said bankruptcy estate but Debtor Haworth did not give him notice, as required by law, nor an opportunity to address his claims against the estate. Jean Haworth did not join her husband's petition for bankruptcy but was listed as a creditor. Brian Haworth was granted a discharge in bankruptcy and the case was closed September 12, 2001. Defendants knew about the bankruptcy.

11. Defendants attached a False Affidavit to their 2003 complaint against Plaintiff signed by client Brian Haworth who falsely swore "There are no valid set-offs or counterclaims against this claim." Exhibit 1. Defendants knew the affidavit was false. Said False Affidavit remains part of the case file even today.

12. On July 6, 2004 Defendants obtained Summary Judgment in the Superior Court of Rhode Island based on said complaint and False Affidavit.

13. Plaintiff eventually discovered the bankruptcy from the internet and filed a Motion to Reopen said case to investigate undisclosed assets in excess of $1 million and file a proof of claim. The Haworth bankruptcy was reopened by court order granted by the US Bankruptcy Court, District of Connecticut, on October 28, 2004. Soon thereafter, Plaintiff filed a Proof of Claim on November 17, 2004 for the return of antique furniture and replevin damages totaling $50,000. The Rhode Island collection efforts by Defendants were put on hold pending the outcome of the litigation in US Bankruptcy Court.

14. After eight years of litigation, the bankruptcy trustee convinced the US Bankruptcy Court and federal appellate courts that it would be cost prohibitive to pursue the Haworths because they had moved to England and were out of reach. The Haworth bankruptcy case was re-closed on December 18, 2008 without administering significant assets, including that Connecticut money judgment, nor satisfying Plaintiff's legitimate Proof of Claim and valuable set-off rights.

15. On April 2, 2010 Defendants resumed their collection efforts against Plaintiff by filing a Notice of Wage Attachment in retaliation and with knowing disregard for Plaintiff's set-off rights.

16. On July 1, 2010 Plaintiff filed a Motion to Vacate said judgment based on the doctrine of "judicial estoppel" and abrogation of his valuable set off rights.

17. On November 17, 2010 Defendants filed an Objection to Plaintiff's Motion to Vacate wherein Defendants falsely stated that the bankruptcy trustee formally abandoned said Connecticut money judgment (an asset of the bankruptcy estate) "after notice and a hearing" intending to bifurcate the parties' mutual claims and thwart Plaintiff's set-off rights. Defendants knew said statement was false because, with knowledge of the detailed docket history of the Haworth case, no such formal abandonment by the trustee ever occurred, no notice, no hearing.

18. At a November 19, 2010 hearing before the Rhode Island Superior Court, Defendants attempted to discredit Plaintiff's credibility and integrity by falsely characterizing him as "an aggrieved former son-in-law" and falsely stated that "even if he's successful, the judgment still stands in favor of Jean Haworth". Defendants knew that the bankruptcy trustee obtained a bankruptcy court order dated June 12, 2001 necessary to preserve the "whole" judgment for benefit of creditors of the estate.

19. On November 19, 2010 the Rhode Island Superior Court, Hon. Justice Stephen P. Nugent ruled in Defendant's favor and granted its Motion for Wage Attachment based upon the aforementioned False Affidavit, false statements, and false testimony. Plaintiff filed an appeal now pending before the Rhode Island Supreme Court.

20. Despite due demand, Defendants refused to withdraw said tainted False Affidavit and false statements. Therefore, Defendants violated and continue to violate 15 USC §1692e, which states that "a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

### Count II (Unfair Practices 15 USC §1692f)

21. The preceding paragraphs are incorporated herein by reference. Defendants, debt collectors and bankruptcy attorneys, with knowledge of the Haworth bankruptcy case, conspired and collaborated with its clients to defraud and deceive creditor Plaintiff and resumed collection efforts against him in retaliation, under false pretense and in violation of US bankruptcy law. Therefore, Defendants violated and continue to violate 15 USC §1692f which states that "a debt collector may not use unfair or unconscionable means to collect or attempt to collect a debt".

## Relief Requested

WHEREFORE, Plaintiff has suffered and continues to suffer damages for which the Defendants are responsible, including violation of his rights, prejudice, embarrassment, defamation and emotional distress and requests the following relief:

A. Judgment in favor of Plaintiff and against Defendants on all counts;

B. Declaratory Judgment asserting that Defendants violated the FDCPA and awarding Plaintiff statutory damages of $1,000, costs, damages and attorneys fees and other damages including punitive damages;

C. All other relief that this Honorable Court deems just and proper.

## Jury Demand

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Plaintiff, Pro Se
Jeffery Dieffenbach

*/s/ Jeffery Dieffenbach*
Jeffery Dieffenbach
13 Norman Street
Newport, RI  02840
401-849-6449

August 17, 2011