UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JEFFERY DIEFFENBACH
    Plaintiff

v.                                                                                                              C.A. No.:  11-371

E. MARTIN STUTCHFIELD, ESQ.
and WINOGRAD SHINE LAND & FINKLE, INC.
    Defendants

## DEFENDANTS' ANSWER

1.     Denied.

2.     Denied for insufficient knowledge.

3.     Denied for insufficient knowledge.

4.     Denied for insufficient knowledge.

5.     Admitted.

6.     Admitted.

7.     Denied.

8.     Denied.

9.     Denied.

10.     Denied for insufficient knowledge.

11.     Denied.

12.     Defendants admit that a motion for summary judgment was granted by Hurst, J., in Newport Superior Court on July 6, 2004, and that the court entered a stay of execution pending plaintiff's application for relief in the United States Bankruptcy Court in Connecticut.  Defendants specifically deny that the affidavit was false.

13. Denied for insufficient knowledge

14. Denied for insufficient knowledge

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Admitted as to the ruling entered by Nugent, J., in Rhode Island Superior Court, but deny all remaining allegations as to a false affidavit or false testimony.

20. Denied.

21. Denied.

WHEREFORE, Defendants demand judgment in their favor on all counts, together with attorneys' fees pursuant to the provisions of RIGL §9-1-45 as amended, and costs.

## FIRST AFFIRMATIVE DEFENSE

The court lacks subject matter jurisdiction.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has no cause of action pursuant to the provisions of the Fair Debt Collection Practices Act, in that the debt which is the subject matter of plaintiff's complaint is not, and was not, a consumer debt as defined by USC §1692a(5).

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's action is barred by the one-year statute of limitation as provided in 15USC§1692k(d).

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a cause of action against defendants.

### FIFTH AFFIRMATIVE DEFENSE

Defendants affirmatively plead Estoppel.

### SIXTH AFFIRMATIVE DEFENSE

Defendants affirmatively plead Waiver.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's action must be dismissed in that the underlying debt and judgment is unsatisfied and remains due and owing by plaintiff to Brian B. Haworth and his wife, Jean Haworth.  Plaintiff's liability to the Haworth's has been adjudicated and reduced to judgment in the Superior Court of the State of Connecticut (on appeal), and to judgment in the Superior Court of the State of Rhode Island (on appeal), and all of plaintiff's post-judgment applications for relief to the United States Bankruptcy Court in Connecticut, the United States Court of Appeals for the Second Circuit, and the United States Supreme Court have been denied and dismissed.  Plaintiff's action is frivolous.

    Defendants, By Their Attorneys,
    HIGGINS, CAVANAGH & COONEY, LLP


    s/John T. Walsh, Jr., Esq.
    John T. Walsh, Jr., (#0483)
    123 Dyer Street
    Providence, RI  02903

CERTIFICATE OF SERVICE

   I, John T. Walsh, Jr., certify that on the 1st day of September, 2011, a true copy of the within was filed electronically and it is available for viewing and downloading from the ECF system.
   In addition, a copy of this document was sent by regular mail this day to:

Mr. Jeffery Dieffenbach, pro se
13 Norman Street
Newport, RI  02840

                /s/ John T. Walsh, Jr., Esq.